IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DYNAMIC HOSTING COMPANY LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendant. | CIVIL ACTION NO. 2:14-cv-1118 <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Dynamic Hosting Company LLC ("Dynamic Hosting") files this original complaint against the above-named defendant, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1. Dynamic Hosting is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Tyler, Texas.

2. Defendant Samsung Electronics America, Inc. ("Samsung") is a corporation organized under the laws of New York with a principal place of business in Ridgefield Park, NJ. It can be served through its resident agent for service of process in Texas: CT Corporation System; 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendant has transacted business in this district and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## KNOWLEDGE

6. This lawsuit involves, as will be further described below, infringement of U.S. Patent Nos. 5,826,026 and 6,216,156.

7. Defendant has or will have knowledge of the patents-in-suit at least of the filing date and/or service date of this complaint.

8. Defendant's infringement is willful at least as of the filing date and/or service date of this complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,826,026

9. On Oct. 20, 1998, United States Patent No. 5,826,026 ("the 026 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Internet Message Communicator With Direct Output To A Hard Copy Device."

10. Dynamic Hosting is the owner of the 026 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 026 patent against infringers, and to collect damages for all relevant times.

11. Samsung made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that implemented Google Cloud Print (including, based on information on its or Google's website(s), at least the following models: Xpress C410W, Xpress C460FW, Xpress M2020W, Xpress M2070W, Xpress M2070FW, ML-2165W, SCX-3405W, SCX-3405FW, CLP-415NW, CLX-4195FW, Xpress M2820DW, Xpress M2825DW, Xpress M2875FD, Xpress M2875FW, Xpress C1810W, Xpress C1860FW, Xpress M2830DW, Xpress M2835DW, Xpress M2870FW, Xpress M2885FW, CLP-680ND, CLP-775ND, CLX-6260FD, CLX-6260FW, ProXpress M3370FD, ProXpress M3870FW, ProXpress M4070FR, ProXpress M3320ND, ProXpress M3820DW, ProXpress M3870FW) that directly infringed one or more claims of the 026 patent.

12. In addition, customers of Samsung used Samsung printers that feature Google Cloud Print (including, based on information on its or Google's website(s), at least the following models: Xpress C410W, Xpress C460FW, Xpress M2020W, Xpress M2070W, Xpress M2070FW, ML-2165W, SCX-3405W, SCX-3405FW, CLP-415NW, CLX-4195FW, Xpress M2820DW, Xpress M2825DW, Xpress M2875FD, Xpress M2875FW, Xpress C1810W, Xpress C1860FW, Xpress M2830DW, Xpress M2835DW, Xpress M2870FW, Xpress M2885FW, CLP-680ND, CLP-775ND, CLX-6260FD, CLX-6260FW, ProXpress M3370FD, ProXpress M3870FW, ProXpress M4070FR, ProXpress M3320ND, ProXpress M3820DW, ProXpress M3870FW), thus directly infringing one or more claims of the 026 patent.

13. Samsung induced the infringement of the abovementioned customers.

14. Samsung took active steps, directly and/or through contractual relationships with others, to cause infringement with both knowledge of the 026 patent and the specific intent to cause the abovementioned customers to use printers in a manner that infringed the 026 patent.

Such steps by Samsung included, among other things, advising or directing the abovementioned customers to use printers in an infringing manner; advertising and promoting the use of printers in an infringing manner; and/or distributing instructions that guide users to use the printers in an infringing manner.

15. Samsung contributed to the infringement of the abovementioned customers.

16. The infringing printers used by the abovementioned customers have hardware and/or software components that are especially designed to be used with Google Cloud Print, and are especially designed to be used in an infringing way. These components in these printers constitute a material part of the invention of one or more asserted claims of the 026 patent and are not staple articles of commerce suitable for substantial non-infringing use. These distinct and separate components are used only to carry out the Google Cloud Print functionality in an infringing way and not any other printing functionality.

17. Dynamic Hosting has been damaged as a result of the infringing conduct by defendant alleged above. Thus, defendant is liable to Dynamic Hosting in an amount that adequately compensates Dynamic Hosting for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Dynamic Hosting and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,216,156**

19. On April 10, 2001, United States Patent No. 6,216,156 ("the 156 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Internet Message Communicator With Direct Output To A Hard Copy Device."

20. Dynamic Hosting is the owner of the 156 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 156 patent against infringers, and to collect damages for all relevant times.

21. Samsung made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale printers that implemented Google Cloud Print (including, based on information on its or Google's website(s), at least the following models: Xpress C410W, Xpress C460FW, Xpress M2020W, Xpress M2070W, Xpress M2070FW, ML-2165W, SCX-3405W, SCX-3405FW, CLP-415NW, CLX-4195FW, Xpress M2820DW, Xpress M2825DW, Xpress M2875FD, Xpress M2875FW, Xpress C1810W, Xpress C1860FW, Xpress M2830DW, Xpress M2835DW, Xpress M2870FW, Xpress M2885FW, CLP-680ND, CLP-775ND, CLX-6260FD, CLX-6260FW, ProXpress M3370FD, ProXpress M3870FW, ProXpress M4070FR, ProXpress M3320ND, ProXpress M3820DW, ProXpress M3870FW) that directly infringed one or more claims of the 156 patent.

22. In addition, customers of Samsung used Samsung printers that feature Google Cloud Print (including, based on information on its or Google's website(s), at least the following models: Xpress C410W, Xpress C460FW, Xpress M2020W, Xpress M2070W, Xpress M2070FW, ML-2165W, SCX-3405W, SCX-3405FW, CLP-415NW, CLX-4195FW, Xpress M2820DW, Xpress M2825DW, Xpress M2875FD, Xpress M2875FW, Xpress C1810W, Xpress C1860FW, Xpress M2830DW, Xpress M2835DW, Xpress M2870FW, Xpress M2885FW, CLP-680ND, CLP-775ND, CLX-6260FD, CLX-6260FW, ProXpress M3370FD, ProXpress M3870FW, ProXpress M4070FR, ProXpress M3320ND, ProXpress M3820DW, ProXpress M3870FW), thus directly infringing one or more claims of the 156 patent.

23. Samsung induced the infringement of the abovementioned customers.

24. Samsung took active steps, directly and/or through contractual relationships with others, to cause infringement with both knowledge of the 156 patent and the specific intent to cause the abovementioned customers to use printers in a manner that infringed the 156 patent. Such steps by Samsung included, among other things, advising or directing the abovementioned customers to use printers in an infringing manner; advertising and promoting the use of printers in an infringing manner; and/or distributing instructions that guide users to use the printers in an infringing manner.

25. Samsung contributed to the infringement of the abovementioned customers.

26. The infringing printers used by the abovementioned customers have hardware and/or software components that are especially designed to be used with Google Cloud Print, and are especially designed to be used in an infringing way. These components in these printers constitute a material part of the invention of one or more asserted claims of the 156 patent and are not staple articles of commerce suitable for substantial non-infringing use. These distinct and separate components are used only to carry out the Google Cloud Print functionality in an infringing way and not any other printing functionality.

27. Dynamic Hosting has been damaged as a result of the infringing conduct by defendant alleged above. Thus, defendant is liable to Dynamic Hosting in an amount that adequately compensates Dynamic Hosting for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Dynamic Hosting and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Dynamic Hosting hereby requests a trial by jury on all issues so triable by right.

**<u>PRAYER FOR RELIEF</u>**

Dynamic Hosting requests that the Court find in its favor and against defendant and that the Court grant Dynamic Hosting the following relief:

a. Judgment that one or more claims of the 026 and 156 patents have been infringed, either literally and/or under the doctrine of equivalents, by defendant;

b. Judgment that defendant account for and pay to Dynamic Hosting all damages to and costs incurred by Dynamic Hosting because of defendant's infringing activities and other conduct complained of herein;

c. That defendant's infringement be found to be willful, and that the Court award treble damages for the period of such willful infringement under 35 U.S.C. § 284;

d. A permanent injunction enjoining defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 026 and 156 patents;

e. Pre-judgment and post-judgment interest on the damages caused by defendant's infringing activities and other conduct complained of herein;

f. A declaration by the Court that this an exceptional case and an award to Dynamic Hosting its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. Other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 12, 2014                    Respectfully submitted,

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com

Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Dynamic Hosting Company LLC*